EVA GASH ET AL., PLAINTIFFS, v. PEER KHAN, DEFENDANT.

Submitted January 29, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs, *Joseph Coult* and *Gerald T. Foley.*

For the defendant, *Harry E. Walburg.*

PER CURIAM.

The only reason filed in this cause is that the verdict was contrary to the weight of evidence; but in our opinion that reason is well founded. The four plaintiffs, members of a family party, alighted at the railroad station in Lakewood and entered the taxicab of the defendant for the purpose of being driven to their hotel. While they were on the way the taxicab, which was moving in a westerly direction and driven by the defendant, came into collision with another taxicab which came in from the right on a side street and was going south. The defendant's taxicab seems to have struck the other taxicab on the left rear mudguard and the four plaintiffs were considerably shaken up and bruised. The defendant did not appear and counsel who tried the case on the part of the defendant had no evidence to present except that of an investigator who testified that he had made diligent search to find the defendant and had been unable to do so. As a result. it went to the jury on the uncontradicted testimony

offered on behalf of the plaintiffs, both as to the circumstances leading up to the collision and the amount of injuries sustained by the various plaintiffs; and the jury returned a verdict for the defendant.

We are unable to see how this verdict can properly be supported. It will be observed that the suit is by passengers in a taxicab against the driver of that very taxicab in which they were riding. Consequently, if the accident happened because of his negligence alone or if it happened because of the concurring negligence of the defendant and the driver of the other taxicab, the plaintiffs are clearly entitled to recover. The only theory on which they would not be entitled to recover is that the accident happened because of the sole negligence of the driver of the other taxicab which was coming from the right of that in which the plaintiffs were riding and, under normal conditions, had the statutory right of way. The testimony shows that this other taxicab had all but cleared the plaintiffs' car as it was struck on the left rear mudguard.

The only explanation suggested for the verdict is that the testimony on the part of the plaintiffs was so exaggerated in respect to the severity of the injuries respectively sustained by them as to be incredible and that therefore the jury must have concluded that their entire testimony was not to be relied on. It is to be noted, however, that the testimony on the question of damages, especially that relating to the cost of medical attendance, was very badly shaken on cross-examination, whereas the testimony with respect to the circumstances surrounding the accident was practically unchallenged. The tendency to exaggerate the amount of damage is so common in accident cases as to be frequently discounted by juries who find for the plaintiff, and properly discounted.

As to the particular case in hand, we do not feel that the jury were at all justified in disregarding the uncontradicted testimony about the accident itself merely because the damages were even obviously padded.

The rule to show cause will be made absolute.